**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| Causam Enterprises, Inc., <br><br> *Plaintiff,* <br><br> v. <br><br> Jupiter Power LLC, Jupiter Power Energy Management LLC, Crossett Power Management LLC, St. Gall Energy Storage I LLC, St. Gall Energy Storage II LLC, Flower Valley LLC, Flower Valley II LLC, Triple Butte LLC, and House Mountain LLC, <br><br> *Defendants*. | Civil Action No. 7:26-cv-00113-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, Defendants Jupiter Power LLC, Jupiter Power Energy Management LLC, Crossett Power Management LLC, St. Gall Energy Storage I LLC, St. Gall Energy Storage II LLC, House Mountain LLC, Swoose LLC, Flower Valley LLC, Flower Valley II LLC, and Triple Butte LLC (collectively, "Defendants"), by and through the undersigned counsel, hereby submit the following Answer, Defenses, and Counterclaims in response to Plaintiff Causam Enterprises, Inc.'s ("Plaintiff" or "Causam") First Amended Complaint for Patent Infringement filed on July 2, 2026 (Dkt. No. 25) ("Amended Complaint").

Defendants deny each and every allegation set forth in the Amended Complaint, except as expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that

might follow from the admitted facts. Defendants respond to the numbered paragraphs of the Amended Complaint and prayer for relief as follows:

1. Defendants admit that the Amended Complaint purports to bring a claim for patent infringement under the laws of the United States, but denies that Defendants have infringed any claim of U.S. Patent Nos. 11,782,470, 10,429,871, 11,126,213, 12,461,547 and 11,747,849 (collectively, the "Asserted Patents"). Defendants deny that Causam is entitled to any relief whatsoever. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 1.

**THE PARTIES**[1]

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and therefore deny them.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. Defendants admit that Jupiter Power LLC is a Texas Limited Liability Company with its headquarters at 1211 E. 4th Street, Suite 200, Austin, TX 78702.

5. Defendants admit that Jupiter Power Energy Management LLC, Crossett Power Management LLC, House Mountain LLC, St. Gall Energy Storage I LLC, Swoose LLC, Flower Valley LLC, Flower Valley II LLC, and Triple Butte LLC are each indirectly wholly owned subsidiaries of Defendant Jupiter Power LLC. Defendants further admit that St. Gall Energy Storage II LLC is wholly owned by JP Funding III Holdings LLC, which is partially owned by

---

[1] Headings and subheadings are copied from the Amended Complaint for ease of reference only. These headings and subheadings do not require any response and are not an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Amended Complaint's headings or subheadings, Defendants deny those allegations.

LEF Class A 1 LLC and partially owned by JP Funding III Class B LLC. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 5.

6.    Defendants admit that Jupiter Power Energy Management LLC is a Delaware Limited Liability Company. Defendants deny that Jupiter Power Energy Management LLC has a headquarters and principal place of business at 211 E 7th Street, Suite 620, Austin, TX 78701. Jupiter Power Energy Management LLC's headquarters are at 1211 E. 4th Street, Suite 200, Austin, TX 78702. Defendants admit that Jupiter Power Energy Management LLC is registered with ERCOT as a Qualified Scheduling Entity ("QSE"). Defendants admit that Jupiter Power Energy Management LLC is registered with ERCOT as a QSE under DUNS number 1192783842000. To the extent the allegations of Paragraph 6 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 6.

7.    Defendants admit that Crossett Power Management LLC is a Delaware Limited Liability Company. Defendants admit that Crossett Power Management LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that Crossett Power Management LLC is registered with ERCOT as a Resource Entity ("RE") and Decision-Making Entity ("DME"). Defendants admit that Crossett Power Management LLC is registered with ERCOT as a DME under DUNS number 1176978127000. To the extent the allegations of Paragraph 7 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 7.

8.    Defendants admit that St. Gall Energy Storage I LLC and St. Gall Energy Storage II LLC are Delaware Limited Liability Companies. Defendants admit that St. Gall Energy Storage

I LLC and St. Gall Energy Storage II LLC's mailing addresses as registered with the Texas Secretary of State are 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that St. Gall Energy Storage I LLC and St. Gall Energy Storage II LLC are registered with ERCOT as Resource Entities and Decision-Making Entities. Defendants admit that St. Gall Energy Storage I is registered as a DME under DUNS number 1189325957000. Defendants admit that St. Gall Energy Storage II LLC is registered as a DME under DUNS number 1125938817000. To the extent the allegations of Paragraph 8 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 8.

9. Defendants admit that House Mountain LLC is a Delaware Limited Liability Company. Defendants admit that House Mountain LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that House Mountain LLC is registered with ERCOT as a Resource Entity and Decision-Making Entity. Defendants admit that House Mountain LLC is registered as a DME under DUNS number 1174752247000. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 9.

10. Defendants admit that Swoose LLC is a Delaware Limited Liability Company. Defendants admit that Swoose LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that Swoose LLC is registered with ERCOT as a Resource Entity and Decision-Making Entity. Defendants admit that Swoose LLC is registered as a DME under DUNS number 1174467957000. To the extent the allegations of Paragraph 10 purport to characterize the contents of certain documents, including

4

websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 10.

11.    Defendants admit that Flower Valley LLC is a Delaware Limited Liability Company. Defendants admit that Flower Valley LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that Flower Valley LLC is registered with ERCOT as a Resource Entity and Decision-Making Entity. Defendants admit that Flower Valley LLC is registered as a DME under DUNS number 1174463247000. To the extent the allegations of Paragraph 11 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 11.

12.    Defendants admit that Flower Valley II LLC is a Delaware Limited Liability Company. Defendants admit that Flower Valley II LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that Flower Valley II LLC is registered with ERCOT as a Resource Entity and Decision-Making Entity. Defendants admit that Flower Valley II LLC is registered as a DME under DUNS number 1178033247000. To the extent the allegations of Paragraph 12 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 12.

13.    Defendants admit that Triple Butte LLC is a Delaware Limited Liability Company. Defendants admit that Triple Butte LLC's mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that Triple Butte LLC is registered with ERCOT as a Resource Entity and Decision-Making Entity. Defendants admit that Triple Butte LLC is registered as a DME under DUNS number

1174464747000. To the extent the allegations of Paragraph 13 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 13.

14.    To the extent Paragraph 14 of the Amended Complaint characterizes ERCOT protocols for QSEs and RE/DMEs in the ERCOT market, those protocols speak for themselves. To the extent the allegations of Paragraph 14 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the remaining allegations of Paragraph 14 of the Amended Complaint to the extent they contain legal conclusions, characterizations, or implications. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 14.

15.    Defendants admit that their mailing address as registered with the Texas Secretary of State is 1108 Lavaca Street, Suite 110-349, Austin, TX 78701. Defendants admit that some of Jupiter Power's corporate officers also serve as officers of the RE/DME entities. To the extent the allegations of Paragraph 15 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 15.

16.    To the extent the allegations of Paragraph 16 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the remaining allegations of Paragraph 16 of the Amended Complaint to the extent they contain legal conclusions, characterizations, or implications. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 16.

17.    To the extent the allegations of Paragraph 17 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the

remaining allegations of Paragraph 17 of the Amended Complaint to the extent they contain legal conclusions, characterizations, or implications. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 17.

18.     The allegations set forth in Paragraph 18 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of the allegations contained in Paragraph 18. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 18.

19.     To the extent the allegations of Paragraph 19 purport to characterize the contents of certain documents, including websites, the document speaks for itself. The allegations set forth in Paragraph 19 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of the allegations contained in Paragraph 19. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 19.

20.     To the extent the allegations of Paragraph 20 purport to characterize the contents of certain documents, including websites, the document speaks for itself. The allegations set forth in Paragraph 20 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of the allegations contained in Paragraph 20. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 20.

21.     To the extent the allegations of Paragraph 21 purport to characterize the contents of certain documents, including websites, the document speaks for itself. The allegations set forth in Paragraph 21 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of

the allegations contained in Paragraph 21. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 21.

22.     To the extent the allegations of Paragraph 22 purport to characterize the contents of certain documents, including websites, the document speaks for itself. The allegations set forth in Paragraph 22 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of the allegations contained in Paragraph 22. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 22.

23.     To the extent the allegations of Paragraph 23 purport to characterize the contents of certain documents, including websites, the document speaks for itself. The allegations set forth in Paragraph 23 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions, characterizations, or implications of the allegations contained in Paragraph 23. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 23.

24.     To the extent the allegations of Paragraph 24 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 24.

**JURISDICTION AND VENUE**

25.     Defendants admit that the Amended Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, in particular, Title 35 of the United States Code. Defendants do not dispute that this Court has subject matter jurisdiction over the Amended Complaint under 28 U.S.C. §§ 1331 and 1338(a) but deny that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 25.

26.     Defendants do not dispute that this Court has general personal jurisdiction over them for purposes of this action only, but deny that Defendants have committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States. Defendants admit that they have transacted business in Texas. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 26.

27.     The allegations set forth in Paragraph 27 state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants do not contest that, for purposes of this action only, this Court has personal jurisdiction over Defendants. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 27.

28.     Defendants do not dispute that venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 for purposes of this action only, but deny that Defendants have committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States.

29.     Defendants admit that they have their principal corporate offices in this District, but deny that Defendants have committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States.

30.     Denied.

### PLAINTIFF'S [ALLEGED] PATENTED INNOVATIONS

31.     Defendants admit that U.S. Patent No. 11,782,470 (the "'470 Patent") states on its face that it is titled "Method and apparatus for actively managing electric power supply for an electric power grid" and issued on October 10, 2023. Defendants admit that on its face the '470 Patent purports to claim priority to U.S. Application No. 13/549,429. Defendants admit that Exhibit 1 to the Amended Complaint purports to be a copy of the '470 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 31.

9

32. Defendants admit that the face of the '470 Patent purports to identify Joseph W. Forbes, Jr. as the named inventor. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants admit that U.S. Patent No. 11,126,213 (the "'213 Patent") states on its face that it is titled "Method and Apparatus for Actively Managing Electric Power Supply for an Electric Power Grid" and issued on September 21, 2021. Defendants admit that on its face the '213 Patent purports to claim priority to U.S. Application No. 13/549,429. Defendants admit that Exhibit 2 to the Amended Complaint purports to be a copy of the '213 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 38.

39. Defendants admit that the face of the '213 Patent purports to identify Joseph W. Forbes, Jr. as the named inventor. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45.     Defendants admit that U.S. Patent No. 10,429,871 (the "'871 Patent") states on its face that it is titled "Method and Apparatus for Actively Managing Electric Power Supply for an Electric Power Grid" and issued on October 1, 2019. Defendants admit that on its face the '871 Patent purports to claim priority to U.S. Application No. 13/549,429. Defendants admit that Exhibit 3 to the Amended Complaint purports to be a copy of the '871 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 45.

46.     Defendants admit that the face of the '871 Patent purports to identify Joseph W. Forbes, Jr. as the named inventor. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 46.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendants admit that U.S. Patent No. 12,461,547 (the "'547 Patent") states on its face that it is titled "Method and Apparatus for Actively Managing Electric Power Supply for an Electric Power Grid" and issued on November 4, 2025. Defendants admit that on its face the '547 Patent purports to claim priority to U.S. Provisional No. 13/549,429. Defendants admit that Exhibit 4 to the Amended Complaint purports to be a copy of the '547 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 52.

53.     Defendants admit that the face of the '547 Patent purports to identify Joseph W. Forbes, Jr. as the named inventor. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 53.

11

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants admit that U.S. Patent No. 11,747,849 (the "'849 Patent") states on its face that it is titled "System, method, and apparatus for electric power grid and network management of grid elements" and issued on September 5, 2023. Defendants admit that on its face the '849 Patent purports to claim priority to U.S. Application No. 13/563,535. Defendants admit that Exhibit 5 to the Amended Complaint purports to be a copy of the '849 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 59.

60.     Defendants admit that the face of the '849 Patent purports to identify Joseph W. Forbes, Jr. as the named inventor. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 60.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

### THE ACCUSED INSTRUMENTALITIES

66.     Defendants admit that Jupiter Power develops and operates battery energy storage systems ("BESS"). Defendants deny that all Defendants "use third-party EMS software" that "includ[es] Energy Vault's EMS software provided to Jupiter Power for its use in each Jupiter RE/DME's BESS Project Site." Defendants also deny that "Defendant Jupiter Power LLC

contracted in 2022 with Energy Vault to procure and implement Energy Vault's EMS software in all its Texas BESS projects." Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 66 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 66.

67. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 67 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 67.

68. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 68 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 68.

69. Defendants admit that St. Gall Battey Energy Storage System is located near Fort Stockton in Pecos County, Texas. Defendants also admit that the St. Gall I BESS location comprises 76 fully integrated B-VAULT™ AC battery containers. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 69 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 69.

70. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 70 purport to characterize the contents of certain

13

documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 70.

71. To the extent Paragraph 71 describes ERCOT protocols, those protocols speak for themselves. Defendants deny the remaining allegations of Paragraph 71 of the Amended Complaint, including any allegations of infringement. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 71.

72. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 72 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 72.

73. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 73 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 73.

74. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 74 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 74.

75. Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 75 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 76.

76.    Defendants deny that they have infringed any valid claim of the Asserted Patents. To the extent the allegations of Paragraph 76 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 76.

77.    Denied.

## FIRST CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF THE '470 PATENT

78.    No response is required to Paragraph 78 of the Amended Complaint. To the extent a response is required, Defendants incorporate and reallege their responses set forth in Paragraphs 1 through 77 as if set forth fully herein.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Defendants deny that they have infringed any valid claim of the '470 Patent. To the extent the allegations of Paragraph 82 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the remaining allegations of Paragraph 82 of the Amended Complaint.

83.    Defendants deny that they have infringed any valid claim of the '470 Patent. To the extent the allegations of Paragraph 83 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the remaining allegations of Paragraph 83 of the Amended Complaint.

84.    Denied.

85.    Denied.

86.    Denied.

87. Defendants admit that they have been aware of the existence of the '470 Patent since the date of the filing of the Complaint. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 92 and therefore deny them.

**SECOND CAUSE OF ACTION**

**[ALLEGED] INFRINGEMENT OF THE '213 PATENT**

93. No response is required to Paragraph 93 of the Amended Complaint. To the extent a response is required, Defendants incorporate and reallege their responses set forth in Paragraphs 1 through 92 as if set forth fully herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102.    Defendants admit that they have been aware of the existence of the '213 Patent since the date of the filing of the Complaint. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 102.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 107 and therefore deny them.

## THIRD CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF THE '871 PATENT

108.    No response is required to Paragraph 108 of the Amended Complaint. To the extent a response is required, Defendants incorporate and reallege their responses set forth in Paragraphs 1 through 107 as if set forth fully herein.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Defendants admit that they have been aware of the existence of the '871 Patent since the date of the filing of the Complaint. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 116.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 121 and therefore deny them.

## FOURTH CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF THE '547 PATENT

122.    No response is required to Paragraph 122 of the Amended Complaint. To the extent a response is required, Defendants incorporate and reallege their responses set forth in Paragraphs 1 through 121 as if set forth fully herein.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Defendants deny that they have infringed any valid claim of the '547 Patent. To the extent the allegations of Paragraph 130 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Defendants deny the remaining allegations of Paragraph 130 of the Amended Complaint.

131.    Denied.

132.    Defendants admit that they have been aware of the existence of the '547 Patent since the date of the filing of the Complaint. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 132.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 137 and therefore deny them.

## FIFTH CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF THE '849 PATENT

138.    No response is required to Paragraph 138 of the Amended Complaint. To the extent a response is required, Defendants incorporate and reallege their responses set forth in Paragraphs 1 through 137 as if set forth fully herein.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Defendants admit that they have been aware of the existence of the '849 Patent since the date of the filing of the Complaint. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 146.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 150 and therefore deny them.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for a jury trial. To the extent a response is required, Defendants admit that Plaintiff has demanded a jury trial. Defendants further respectfully request a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief it seeks in its Prayer for Relief, including Paragraphs A through H thereof, or any relief whatsoever. Plaintiff's Prayer for Relief should therefore be denied in its entirety and with prejudice. Defendants deny any allegation in Plaintiff's Prayer for Relief, and each and every allegation in the Amended Complaint to which it has not specifically responded.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Further to the responses above, and without assuming any burden other than that imposed by operation of law, Defendants allege and assert the following defenses in response to the allegations of the Amended Complaint.

20

## FIRST DEFENSE
## (NONINFRINGEMENT)

1.    Defendants do not infringe and have not infringed any of the Asserted Patents directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and are not liable for infringement of any valid and enforceable claim of any of the Asserted Patents.

## SECOND DEFENSE
## (INVALIDITY)

2.    The asserted claims of the Asserted Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged inventions. Prior art that invalidates the claims of the Asserted Patents will be set forth in Defendants' invalidity contentions and any amendments or supplements thereto.

## THIRD DEFENSE
## (FAILURE TO STATE A CLAIM)

3.    The Amended Complaint fails to state a plausible claim upon which relief may be granted and fails to plead factual allegations with the sufficiency and particularity required to state a plausible claim.

## FOURTH DEFENSE
## (NO WILLFUL INFRINGEMENT)

4.    Plaintiff is not entitled to enhanced or increased damages for willful infringement, under 35 U.S.C. § 284 or otherwise, because Defendants have not engaged in any conduct that meets the applicable standard for willful infringement and because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

21

**FIFTH DEFENSE**
**(STATUTORY LIMITATIONS ON DAMAGES)**

5.      Plaintiff's claims for damages, equitable relief, and/or costs are statutorily barred or limited by 35 U.S.C. §§ 286, 287, and/or 288.

**SIXTH DEFENSE**
**(NO EXCEPTIONAL CASE)**

6.      Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

**SEVENTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)**

7.      Plaintiff's claims for relief are barred, in whole or in part, by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants during prosecution of the Asserted Patents.

**EIGHTH DEFENSE**
**(WAIVER, EQUITABLE ESTOPPEL, ACQUIESCENCE, IMPLIED LICENSE, AND UNCLEAN HANDS)**

8.      Plaintiff's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, implied license, and/or unclean hands.

**NINTH DEFENSE**
**(ENSNAREMENT)**

9.      Plaintiff cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

## TENTH DEFENSE
### (LACK OF STANDING/OWNERSHIP)

10.    To the extent that Plaintiff was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Amended Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

## ELEVENTH DEFENSE
### (IMPROPER INVENTORSHIP)

11.    Upon information and belief, and subject to the discovery of additional evidence, one or more of the Asserted Patents is invalid to the extent that the alleged inventor did not invent the purported inventions, or to the extent that one or more of the actual inventors is not named as an inventor. The Asserted Patents are invalid under 35 U.S.C. § 116 because, upon information and belief, fewer than the true inventors are named on the Asserted Patents.

## TWELFTH DEFENSE
### (NO INJUNCTIVE RELIEF)

12.    To the extent Plaintiff seeks injunctive relief, Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff is not entitled to injunctive relief. Plaintiff has an adequate remedy at law. Any alleged injury to Plaintiff is not irreparable or inadequate, and the balance of hardships and public interest do not support injunctive relief.

## THIRTEENTH DEFENSE
### (DOUBLE PATENTING)

13.    The claims of the Asserted Patents are invalid due to statutory or obviousness-type double patenting and/or improper extension of patent term.

## RESERVATION OF DEFENSES

14.    Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation

23

in this action. Defendants provide notice that they intend to rely on any other defenses that become available or apparent during discovery, and reserve their right to amend this pleading and to assert any such other defenses.

## DEFENDANTS' COUNTERCLAIMS

Without admitting any of the allegations of the Amended Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants Jupiter Power LLC; Jupiter Power Energy Management LLC; Crossett Power Management LLC; St. Gall Energy Storage I LLC; St. Gall Energy Storage II LLC; Swoose LLC; Flower Valley LLC; Flower Valley II LLC; Triple Butte LLC; and House Mountain LLC; (collectively, "Defendants") allege the following against Causam Enterprises, Inc. ("Causam" or "Plaintiff"):

## THE PARTIES

1.      Jupiter Power LLC is a Texas Limited Liability Company with its headquarters at 1211 E. 4th Street, Suite 200 Austin, TX 78702. Jupiter Power Energy Management LLC, Crossett Power Management LLC, St. Gall Energy Storage I LLC, St. Gall Energy Storage II LLC, House Mountain LLC, Swoose LLC, Flower Valley LLC, Flower Valley II LLC, and Triple Butte LLC are Delaware Limited Liability Companies with their headquarters in Austin, Texas.

2.      Upon information and belief, and based on Causam's allegations in its Amended Complaint, Causam Enterprises, Inc. is a private corporation organized and existing under the laws of Delaware, with its principal place of business in Raleigh, North Carolina.

3.      Causam filed an Amended Complaint in this Court against Defendants in Civil Action No. 7:26-cv-00113. In its Amended Complaint, Causam alleges Defendants have infringed and/or continue to infringe U.S. Patent No. 11,782,470 (the "'470 Patent"), U.S. Patent No.

24

11,126,213 (the "'213 Patent"), U.S. Patent No. 10,429,871 (the "'871 Patent"), U.S. Patent No. 12,461,547 (the "'547 Patent"), and U.S. Patent No. 11,747,849 (the "'849 Patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

4.      These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 35 U.S.C. §§ 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

5.      Causam is subject to personal jurisdiction in this judicial district based at least in part on Causam's filing of the Complaint and the Amended Complaint in this Court. Causam consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Causam has consented to venue in this Court by bringing this action against Defendants, and thus venue for Defendants' counterclaims is proper in this district, although a different venue may be more convenient.

7.      Causam has previously appeared in this lawsuit, is represented by counsel, and has submitted to this Court's jurisdiction.

8.      Causam has filed suit in this Court against Defendants for alleged infringement of one or more claims of each of the Asserted Patents in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.* between Causam and Defendants concerning the alleged infringement by Defendants of the Asserted Patents.

25

9. Defendants deny that they have directly or indirectly infringed any valid and enforceable claim of any of the Asserted Patents. In view of the foregoing, there is an actual and justiciable controversy between the parties with respect to the alleged infringement of the Asserted Patents.

### COUNTERCLAIMS

### FIRST COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT (U.S. PATENT NO. 11,782,470)

10. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

11. Causam alleges that Defendants have infringed and continue to infringe at least claim 1 of the '470 Patent under 35 U.S.C. § 271(a).

12. Defendants deny that they have infringed any valid and enforceable claim of the '470 Patent.

13. Defendants do not make, use, import, sell, or offer to sell any product or service that practices each and every element of any claim of the '470 Patent, including, but not limited to, claim 1, at least because Defendants do not make, use, import, sell, or offer to sell any product or service that includes or practices the following exemplary limitations: "a coordinator constructed and configured for network communication with a server"; "wherein the server is operable to initiate power commands"; "wherein the coordinator is operable to coordinate and manage Internet Protocol (IP)-based communications between the server and the plurality of power supply sources"; "wherein the IP-based communications comprise an actual amount of power supply available for the electric power grid from the plurality of power supply sources based on revenue grade metrology"; "wherein the plurality of power supply sources are operable to provide power supply to the electric power grid based on the power commands"; and "wherein the

26

coordinator is operable to prioritize an order in which the plurality of power supply sources supply power based on a profile or characteristics of each of the plurality of power supply sources."

14. For these reasons, and other reasons established through discovery, Defendants deny that they infringe any valid and enforceable claim of the '470 Patent.

15. There is an actual and justiciable controversy between Causam and Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Causam's allegations that Defendants infringe the '470 Patent.

16. Defendants are entitled to a judicial declaration that they have not and do not infringe, directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid and enforceable claim of the '470 Patent.

17. Absent a declaration that Defendants do not infringe the '470 Patent, Causam will continue to wrongfully assert the '470 Patent against Defendants and thereby cause Defendants irreparable harm and injury.

## SECOND COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT (U.S. PATENT NO. 11,126,213)

18. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

19. Causam alleges that Defendants have infringed and continue to infringe at least claim 1 of the '213 Patent under 35 U.S.C. § 271(a).

20. Defendants deny that they have infringed any valid and enforceable claim of the '213 Patent.

21. Defendants do not make, use, import, sell, or offer to sell any product or service that practices each and every element of any claim of the '213 Patent, including, but not limited to, claim 1, at least because Defendants do not make, use, import, sell, or offer to sell any product

27

or service that includes or practices the following exemplary limitations: "a coordinator constructed and configured in networked communication with a server"; "wherein the server is operable to initiate power commands"; "wherein the coordinator is operable to dispatch one or more energy resources"; "wherein the coordinator is operable to coordinate and manage IP-based communications between the server and a plurality of power supply sources"; "wherein the plurality of power supply sources comprises at least one power storage device, wherein the at least one power storage device includes an IP address"; "wherein the coordinator is further operable to receive messages from the plurality of power supply sources for registration"; "wherein the plurality of power supply sources are automatically registered with the coordinator after the coordinator receives the message"; "wherein the IP-based communications comprise an actual amount of power supply available for the electric power grid from the plurality of power supply sources based on revenue grade metrology"; "wherein the plurality of power supply sources are operable to provide power supply to the electric power grid based on the power commands"; "wherein the coordinator is operable to prioritize the order in which the plurality of power supply sources supply power based on a profile or characteristics of each of the plurality of power supply sources"; and "wherein compensation for the power supplied by each of the plurality of power supply sources is settled in real time or near real time."

22.     For these reasons, and other reasons established through discovery, Defendants deny that they infringe any valid and enforceable claim of the '213 Patent.

23.     There is an actual and justiciable controversy between Causam and Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Causam's allegations that Defendants infringe the '213 Patent.

24.     Defendants are entitled to a judicial declaration that they have not and do not infringe, directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid and enforceable claim of the '213 Patent.

25.     Absent a declaration that Defendants do not infringe the '213 Patent, Causam will continue to wrongfully assert the '213 Patent against Defendants and thereby cause Defendants irreparable harm and injury.

## THIRD COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT
## (U.S. PATENT NO. 10,429,871)

26.     Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

27.     Causam alleges that Defendants have infringed and continue to infringe at least claim 1 of the '871 Patent under 35 U.S.C. § 271(a).

28.     Defendants deny that they have infringed any valid and enforceable claim of the '871 Patent.

29.     Defendants do not make, use, import, sell, or offer to sell any product or service that practices each and every element of any claim of the '871 Patent, including, but not limited to, claim 1, at least because Defendants do not make, use, import, sell, or offer to sell any product or service that includes or practices the following exemplary limitations: "a coordinator constructed and configured in networked communication with a server"; "wherein the server is operable to initiate power commands based on requirements of an energy management system (EMS)"; "wherein the coordinator is operable to dispatch one or more energy resources in response to telemetry from the EMS"; "wherein the coordinator is operable to coordinate and manage IP-based communications between the server and the multiplicity of power supply sources"; "wherein the multiplicity of power supply sources comprise at least one power storage device, wherein the

at least one power storage device includes an IP address"; "wherein the coordinator is further operable to receive initial messages from the multiplicity of power supply sources for registration"; "wherein the multiplicity of power supply sources are automatically registered with the coordinator after the coordinator receives the initial messages"; "wherein the IP-based communications comprise an actual amount of power supply available for the electric power grid from the multiplicity of power supply sources based on revenue grade metrology"; and "wherein the multiplicity of power supply sources are operable to provide power supply to the electric power grid based on the power commands, and receive a compensation for the energy available and/or actually provided to the electric power grid."

30.    For these reasons, and other reasons established through discovery, Defendants deny that they infringe any valid and enforceable claim of the '871 Patent.

31.    There is an actual and justiciable controversy between Causam and Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et seq*., concerning Causam's allegations that Defendants infringe the '871 Patent.

32.    Defendants are entitled to a judicial declaration that they have not and do not infringe, directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid and enforceable claim of the '871 Patent.

33.    Absent a declaration that Defendants do not infringe the '871 Patent, Causam will continue to wrongfully assert the '871 Patent against Defendants and thereby cause Defendants irreparable harm and injury.

### FOURTH COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT
### (U.S. PATENT NO. 12,461,547)

34.    Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

30

35. Causam alleges that Defendants have infringed and continue to infringe at least claim 1 of the '547 Patent under 35 U.S.C. § 271(a).

36. Defendants deny that they have infringed any valid and enforceable claim of the '547 Patent.

37. Defendants do not make, use, import, sell, or offer to sell any product or service that practices each and every element of any claim of the '547 Patent, including, but not limited to, claim 1, at least because Defendants do not make, use, import, sell, or offer to sell any product or service that includes or practices, the following exemplary limitations: "at least one coordinator constructed and configured for network communication with at least one server and a plurality of power storage devices"; "wherein the at least one server includes at least one energy management system (EMS), and wherein the at least one coordinator is configured to receive commands from the at least one EMS"; "wherein the at least one coordinator receives frequency information for the plurality of power storage devices and transmits the frequency information to the at least one server"; "wherein each of the at least one coordinator is configured to manage multiple grid connections"; "wherein, based on the frequency information being outside a tolerance range, the at least one server receives Internet Protocol (IP)-based power control commands from at least one utility or at least one independent system operator (ISO) and transmits the IP-based power control commands to the at least one coordinator"; and "where the at least one coordinator transmits power control messages based on the IP-based power control commands, causing the plurality of power storage devices to increase or decrease a rate of discharge."

38. For these reasons, and other reasons established through discovery, Defendants deny that they infringe any valid and enforceable claim of the '547 Patent.

31

39.     There is an actual and justiciable controversy between Causam and Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Causam's allegations that Defendants infringe the '547 Patent.

40.     Defendants are entitled to a judicial declaration that they have not and do not infringe, directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid and enforceable claim of the '547 Patent.

41.     Absent a declaration that Defendants do not infringe the '547 Patent, Causam will continue to wrongfully assert the '547 Patent against Defendants and thereby cause Defendants irreparable harm and injury.

## FIFTH COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT
### (U.S. PATENT NO. 11,747,849)

42.     Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

43.     Causam alleges that Defendants have infringed and continue to infringe at least claim 1 of the '849 Patent under 35 U.S.C. § 271(a).

44.     Defendants deny that they have infringed any valid and enforceable claim of the '849 Patent.

45.     Defendants do not make, use, import, sell, or offer to sell any product or service that practices each and every element of any claim of the '849 Patent, including, but not limited to, claim 1, at least because Defendants do not make, use, import, sell, or offer to sell any product or service that includes or practices, the following exemplary limitations: "at least one grid element constructed and configured for Internet Protocol (IP)-based network communication with at least one server and at least one database via at least one coordinator"; "wherein the at least one coordinator communicates a message to the at least one server for registration of the at least one

grid element with an electric power grid"; "wherein the at least one grid element is automatically and/or autonomously transformed into at least one active grid element following registration with the electric power grid"; "wherein the at least one active grid element is operable to send messages to and/or receive messages from the at least one server via the at least one coordinator"; "wherein the at least one grid element is an electric vehicle or a battery storage"; "wherein the status of the at least one grid element is stored in the at least one database for predetermined periods of time and is utilized for operation of the at least one active grid element"; "wherein the at least one coordinator is operable to provide control of electric grid operations comprising at least one of energy flows within the electric power grid, grid stabilization, operating reserves, capacity, and/or settlement"; "wherein the message includes at least one of a geodetic reference, a grid element identifier, a grid element authentication, a grid element type, a grid element function, a grid element capacity, a grid element profile, and/or a grid element attachment point reference"; and "wherein the message additionally includes a measured quantity corresponding to a reduction in power consumption or an increase in power supply of the at least one grid element."

46.     For these reasons, and other reasons established through discovery, Defendants deny that they infringe any valid and enforceable claim of the '849 Patent.

47.     There is an actual and justiciable controversy between Causam and Defendants arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Causam's allegations that Defendants infringe the '849 Patent.

48.     Defendants are entitled to a judicial declaration that they have not and do not infringe, directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid and enforceable claim of the '849 Patent.

49. Absent a declaration that Defendants do not infringe the '849 Patent, Causam will continue to wrongfully assert the '849 Patent against Defendants and thereby cause Defendants irreparable harm and injury.

## SIXTH COUNTERCLAIM – DECLARATION OF INVALIDITY
### (U.S. PATENT NO. 11,782,470)

50. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

51. An actual case or controversy exists between Defendants and Causam as to whether the claims of the '470 Patent are invalid.

52. Each claim of the '470 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 101, 102, 103, 112, and 116, and the rules and laws pertaining to those provisions.

53. For example, the claims of the '470 Patent are invalid at least because they are anticipated and/or rendered obvious by U.S. Patent Publication 2012/0249068 and U.S. Patent Publication 2010/0332373.

54. A judicial declaration is necessary and appropriate so that Defendants may ascertain their rights as to whether the claims of the '470 Patent are invalid.

55. This is an exceptional case under 35 U.S.C. § 285 because Causam filed its Complaint and Amended Complaint with knowledge of the facts stated in this Counterclaim.

## SEVENTH COUNTERCLAIM – DECLARATION OF INVALIDITY
### (U.S. PATENT NO. 11,126,213)

56. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

57. An actual case or controversy exists between Defendants and Causam as to whether the claims of the '213 Patent are invalid.

58.    Each claim of the '213 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 101, 102, 103, 112, and 116, and the rules and laws pertaining to those provisions.

59.    For example, the claims of the '213 Patent are invalid at least because they are anticipated and/or rendered obvious by U.S. Patent Publication 2012/0249068 and U.S. Patent Publication 2012/0095830,

60.    A judicial declaration is necessary and appropriate so that Defendants may ascertain their rights as to whether the claims of the '213 Patent are invalid.

61.    This is an exceptional case under 35 U.S.C. § 285 because Causam filed its Complaint and Amended Complaint with knowledge of the facts stated in this Counterclaim.

### EIGHTH COUNTERCLAIM – DECLARATION OF INVALIDITY
### (U.S. PATENT NO. 10,429,871)

62.    Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

63.    An actual case or controversy exists between Defendants and Causam as to whether the claims of the '871 Patent are invalid.

64.    Each claim of the '871 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 101, 102, 103, 112, and 116, and the rules and laws pertaining to those provisions.

65.    For example, the claims of the '871 Patent are invalid at least because they are anticipated and/or rendered obvious by U.S. Patent Publication 2012/0095830 and U.S. Patent Publication 2013/0024306.

66.    A judicial declaration is necessary and appropriate so that Defendants may ascertain their rights as to whether the claims of the '871 Patent are invalid.

35

67. This is an exceptional case under 35 U.S.C. § 285 because Causam filed its Complaint and Amended Complaint with knowledge of the facts stated in this Counterclaim.

**NINTH COUNTERCLAIM – DECLARATION OF INVALIDITY**
**(U.S. PATENT NO. 12,461,547)**

68. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

69. An actual case or controversy exists between Defendants and Causam as to whether the claims of the '547 Patent are invalid.

70. Each claim of the '547 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 101, 102, 103, 112, and 116, and the rules and laws pertaining to those provisions.

71. For example, the claims of the '547 Patent are invalid at least because they are anticipated and/or rendered obvious by U.S. Patent Publication 2012/0323396 and U.S. Patent Publication 2009/0043519.

72. A judicial declaration is necessary and appropriate so that Defendants may ascertain their rights as to whether the claims of the '547 Patent are invalid.

73. This is an exceptional case under 35 U.S.C. § 285 because Causam filed its Complaint and Amended Complaint with knowledge of the facts stated in this Counterclaim.

**TENTH COUNTERCLAIM – DECLARATION OF INVALIDITY**
**(U.S. PATENT NO. 11,747,849)**

74. Defendants incorporate by reference the allegations of their Answer, Defenses, and Counterclaims as if fully set forth herein.

75. An actual case or controversy exists between Defendants and Causam as to whether the claims of the '849 Patent are invalid.

36

76.     Each claim of the '849 Patent is invalid for failure to comply with one or more of the requirements of the patent laws, including 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 101, 102, 103, 112, and 116, and the rules and laws pertaining to those provisions.

77.     For example, the claims of the '849 Patent are invalid at least because they are anticipated and/or rendered obvious by U.S. Patent Publication 2012/0106672 and U.S. Patent Publication 2011/0007824.

78.     A judicial declaration is necessary and appropriate so that Defendants may ascertain their rights as to whether the claims of the '849 Patent are invalid.

79.     This is an exceptional case under 35 U.S.C. § 285 because Causam filed its Complaint and Amended Complaint with knowledge of the facts stated in this Counterclaim.

## RESERVATION OF RIGHTS

Defendants reserve the right to supplement and/or amend their defenses and/or counterclaims as discovery proceeds in this case.

## DEMAND FOR A JURY TRIAL

Defendants respectfully request a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

(i)     A judgment dismissing Causam's Amended Complaint against Defendants with prejudice;

(ii)    A judgment that Defendants have not and do not infringe, contribute to the infringement of, or induce others to infringe, either directly or indirectly, literally or by equivalents, any asserted claim of the Asserted Patents;

(iii)   A judgment that each asserted claim of each of the Asserted Patents is invalid;

(iv)    A judgment in favor of Defendants on each of their Counterclaims;

37

(v)      A judgment that 35 U.S.C. §§ 271 and 287 bar Causam from recovering any pre-suit damages;

(vi)     A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285;

(vii)    An award to Defendants of their reasonable attorneys' fees and costs of suit pursuant to 35 U.S.C. § 284, § 285, and all other applicable statutes, rules, and common law; and

(viii)   An award to Defendants of such other and further relief as the Court may deem just and proper.

Dated: July 16, 2026                                    Respectfully submitted,

*/s/ Kirk T. Bradley*
Kirk T. Bradley (NC 26490)
Mary I. Riolo (NC 59644)
**Alston & Bird LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: kirk.bradley@alston.com
Email: mary.riolo@alston.com

Brady Cox (TX 24074084)
**Alston & Bird LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899
Email: brady.cox@alston.com

Katherine G. Rubschlager (CA 328100)
**Alston & Bird LLP**
55 Second St., Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
Email: katherine.rubschlager@alston.com

*Counsel for Defendants Jupiter Power LLC,*
*Jupiter Power Energy Management LLC,*
*Crossett Power Management LLC, St. Gall*
*Energy Storage I LLC, St. Gall Energy*
*Storage II LLC, House Mountain LLC,*
*Swoose LLC, Flower Valley LLC, Flower*
*Valley II LLC, and Triple Butte LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on July 16, 2026.

/s/     *Kirk T. Bradley*
Kirk T. Bradley